IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

State of Oregon ex rel. Hardy
Meyers, Attorney General for the
State of Oregon,

            Plaintiff,          Civil No.  08-6231-TC

    v.                            FINDINGS AND
                                          RECOMMENDATION

Simple.net,Inc. f/k/a Dial Up
Services, Inc. d/b/a Simple.Net,
an Arizona Corporation,

            Defendant.

COFFIN, Magistrate Judge:

    Defendant removed this action from state court to this court. Plaintiff's complaint includes allegations that defendant violated Oregon law by conducting a deceptive marketing scheme affecting hundreds of Oregon businesses and non-profits. Plaintiff State of Oregon asserts a single claim for relief that arises exclusively under Oregon law. Such claim is asserted pursuant to the Oregon Racketeer Influenced and Corrupt Organizations Act(ORICO).

    Presently before the court is plaintiff's motion (#5) to remand the case to state court. Because there is no federal question

jurisdiction, and because there is no other basis for this court's original jurisdiction, this action must be remanded to state court.

## DISCUSSION

### The Motion to Remand Should Be Granted

Defendant does not dispute that it has the burden in this motion, that the removal statute is strictly construed against removal and that federal courts resolve all doubt in favor of remand. Both plaintiff and defendant cite the "well-pleaded complaint rule." The "well pleaded complaint rule" stands for the proposition that federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Plaintiff's complaint in this action does not provide a basis for removal jurisdiction. Defendant emphasizes the latter language in the rule, i.e., "or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." However, defendant cites no case where a court has permitted removal on the basis of this language. And, "notwithstanding the language ..., virtually no courts permit removal on this basis. Rather, they require the complaint to contain a federal claim." Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2003), §2:697.

Many of defendant's arguments in this case are very similar to the arguments it made in   State of North Dakota, ex rel. Wayne

2 - FINDINGS AND RECOMMENDATION

Stenehjem,Attorney v. Simple.net, Inc., f/k/a Dial Up Services, Inc., d/b/a Simple.net, 2008 WL 619198 (D.N.D 2008).

The District Court of North Dakota rejected defendant's arguments in an excellent opinion. I adopt the reasoning of such opinion.

All of defendant's arguments related to the motion to remand in present case have been considered by this court and found unpersuasive.

Plaintiff's Request for Fees Should Be Granted

Plaintiff in this action requests its cost and fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The propriety of the removal is central in determining whether to impose fees in the remand order." Maguire Oil Co. v. City of Houston, 143 F.3d 205, 209 (5th Cir 1998). For the reasons discussed above and below, the request for fees should be granted.

As noted previously, the North Dakota case cited above addressed defendant's argument in support of a basis for federal jurisdiction. Such argument was very similar to defendant's argument in the present case. The North Dakota District Court rejected the argument and stated it was "tenuous and ill advised, at best" and "was based on an incorrect and unsupported factual premise" and that it "borders on the edge of frivolity." State of North Dakota, ex rel. Wayne Stenehjem,Attorney v. Simple.net, Inc., f/k/a Dial Up Services, Inc., d/b/a Simple.net, 2008 WL 619198, * 7 (D.N.D 2008). Defendant's counsel in the present action is the same counsel defendant had in the

3 - FINDINGS AND RECOMMENDATION

North Dakota action. Despite the earlier issued North Dakota opinion, defendant's counsel removed the present case.

The argument in the present case was indeed ill advised, as was the removal. Plaintiff's request for costs and fees should be granted.

## CONCLUSION

Plaintiff's motion (#5) to remand should be allowed and this action should be remanded to the Circuit Court of the State of Oregon for the County of Lincoln. Plaintiff's request for costs and fees should be allowed and plaintiff should submit to the court within 11 days a detailed and itemized statement of reasonable costs and attorneys' fees incurred as a result of the removal and remand proceedings. Defendant shall have 11 days thereafter to respond if it disputes the amount claimed.[1]

DATED this ____ day of November, 2008.

THOMAS M. COFFIN
United States Magistrate Judge

---

[1] The parties are strongly encouraged to confer with each other in an attempt to resolve the issue of the amount of fees to be awarded.

4 - FINDINGS AND RECOMMENDATION