FILED '09 JAN 22 15:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

State of Oregon ex rel. Hardy
Meyers, Attorney General for the
State of Oregon,

                Plaintiff,          Civil No.  08-6231-TC

       v.                   FINDINGS AND
                                 RECOMMENDATION

Simple.net,Inc. f/k/a Dial Up
Services, Inc. d/b/a Simple.Net,
an Arizona Corporation,

                Defendant.

COFFIN, Magistrate Judge:

    Defendant removed this action from state court to  federal
court.[1] This court previously recommended the granting of plaintiff's
motion to remand the case to state court.   This court also
recommended the granting of  plaintiff's request for costs and
attorney fees and directed plaintiff to submit to the court a detailed

---

    [1]Plaintiff's complaint included  allegations  that defendant
violated Oregon law by conducting a deceptive marketing scheme
affecting hundreds of Oregon businesses and non-profits.  Plaintiff
State of Oregon  asserted a single claim for relief that arises
exclusively under Oregon law.  Such claim was asserted pursuant to the
Oregon Racketeer Influenced and Corrupt Organizations Act(ORICO).

and itemized statement of reasonable costs and attorneys' fees incurred as a result of the removal and remand proceedings. Defendant was allowed time thereafter to respond if it disputed the amount claimed. The parties were strongly encouraged to confer with each other in an attempt to resolve the issue of the amount of fees to be awarded. Findings and Recommendation (#11)(F & R). The F & R was adopted in its entirety by the District Court and the action was remanded to State Court. Order (#16) and Judgment(#17).

Presently before the court is plaintiff's statement of attorney fees and costs (#12). As stated in Mints v. Educational Testing Service, 99 F.3d 1253, 1257-1258 (3rd Cir 1996), "we see no reason why a district court cannot entertain a request for attorney's fees and costs in a remanded case merely because the clerk of the district court has mailed a certified copy of the order of remand to state court." See also, Moore v. Permanente Med. Group Inc., 981 F.2d 443, 445 (9th Cir. 1992); Wisconsin v. Heartline Indus. Inc., 236 F.3d 363, 365 (7th Cir. 2000)(upholding supplemental order after remand).

Plaintiff has submitted a detailed and itemized statement of costs and attorneys' fees incurred as a result of the removal and remand proceedings in the amount of $9,257.36.

Defendant admits that plaintiff's work was skilled and competent. Defendant also admits that the hourly rates charged are reasonable for the work performed. Defendant objects to the amount of $9,257.36 as excessive and notes that the motion to remand contains just over 6 pages of argument and the reply is less than a full page. Such argument is not persuasive in the circumstances of this case. Plaintiff's response to defendant's argument is well stated:

"Defendant contends that Oregon's motion to remand contains too few pages to warrant the attorney fees sought. While lawyers may sometimes joke that an adversary appears to have been paid 'by the page,' the best legal practice prefers elegance over verbosity. Pascal once apologized to a correspondent, 'I have made this letter so long only because I did not have time to make it shorter.' Blaise Pascal, *Lettres Provinciales*, Letter XVI (1657)." P.p. 1-2 of Response (#14).

The amount of fees and costs incurred by plaintiff is reasonable in the circumstances of this case, especially in light of the fact that plaintiff's legal work led to the result of a remand following defendant's removal of this case.[2]

Defendant also objects to "blacklining" Defendant seems to contend that information was redacted in plaintiff's narrative of legal expenses. Such is incorrect and the argument fails.

CONCLUSION

Plaintiff's statement of attorney fees and costs (#12) is reasonable in the circumstances of this case and should be allowed in its entirety. Plaintiff should be awarded $9,257.36 in attorney fees and costs.

DATED this 22 day of January, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

___

[2]Although not necessary for the ruling today, it is noted here that this court previously found defendant's removal and related arguments for the removal to be ill advised. See F & R (#11).

3 - FINDINGS AND RECOMMENDATION